# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IPTRONICS INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVAGO TECHNOLOGIES U.S., INC., et al.,<br><br>Defendants. | Case No. 14-cv-05647-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE**<br><br>[Re: ECF 70] |

Before the Court is Defendants' Motion to Stay this case pending the resolution of another action between the parties in this district claiming patent infringement ("Patent Action"). ECF 70. Defendants argue that a stay is warranted because resolution of the Patent Action will prove dispositive for this action, while denial of the stay may force Defendants to choose between protecting their attorney-client privilege in the Patent Action and best defending against this action. ECF 70-1. Plaintiffs oppose the motion, arguing that the Patent Action will not be dispositive and that a stay would prejudice them in discovery. ECF 76. For the reasons set forth below, the Court GRANTS the motion.

**I.    BACKGROUND**

The Court's Order Denying Motion to Dismiss sets forth the factual background of this case. ECF 65 at 2-7. The Court summarizes the allegations relevant to the instant motion below.

On June 29, 2010, Defendants Avago Technologies U.S. Inc., Avago Technologies General IP (Singapore) Pte. Ltd., Avago Technologies Trading Ltd., and Avago Technologies International Sales Pte. Ltd. (collectively "Avago")[1] filed a patent infringement action against

---
[1] Avago Technologies Fiber IP (Singapore) Pte. Ltd., also a Plaintiff in the Patent Action, has been dismissed from this case. ECF 35.

Plaintiffs IPtronics A/S (now known as Mellanox Technologies Denmark ApS) and IPtronics Inc. (collectively "IPtronics") in this district. Defendants claimed that Plaintiffs had infringed two of Defendants' patents, including U.S. Patent No. 6,947,456 (the "'456 Patent"). *See Avago Techs. U.S., Inc., et al. v. IPtronics, Inc., et al.,* Case No. 5:10-CV-02863-EJD (PSG) ("Patent Action Docket"), ECF 1.

On September 25, 2012, Defendants filed another action asserting that Plaintiffs infringed the '456 Patent, this time before the International Trade Commission ("ITC Action"). *See* Compl., ECF 1 ¶ 16. The ITC concluded that Defendants had failed to demonstrate such infringement by a preponderance of the evidence. Memorandum in Support of Mot. at 3.

The Patent Action, which had been stayed pending the ITC Action, is now scheduled for trial in June 2016, with jury deliberations set through June 8, 2016. Reply, ECF 77 at 1; *see also* Patent Action Docket, ECF 533.

In this case, Plaintiffs contend that the ITC Action was a sham aimed at impeding competition and gaining monopoly power for Defendants in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2. Compl. ¶¶ 40, 72-83. Trial is set to begin on June 5, 2017. ECF 69.

On October 1, 2015, Defendants filed the instant motion to stay pending resolution of the Patent Action. Plaintiffs opposed on October 15, 2015 and Defendants replied on October 22, 2015. The Court heard argument on November 19, 2015.

## II.  LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of California, Ltd.,* 593 F.2d 863-864 (9th Cir. 1979)).

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

### III. DISCUSSION

#### A. Possible Damage From Granting Stay

The Court first considers the possible damage that could arise from granting the stay. *Id.* Plaintiffs argue that a stay will prejudice them in two ways: first, by delaying their remedy and, second, by weakening the recollections of key witnesses. Opp. at 8-9. Plaintiffs assert that, by requesting a stay pending "conclusive" resolution of the Patent Action—which suggests the possibility of appeals—Defendants ask for an indefinite stay. *Id.* at 8-9. Defendants respond that they seek a stay "until the trial in the [Patent Action] is completed in June 2016." Reply at 1. Given that trial in this action is not set until June 2017, the Court finds that a stay until June 2016 will not significantly delay Plaintiffs' remedy, if at all.

Plaintiffs next argue that a stay will prejudice their ability to effectively question witnesses. Plaintiffs explain that, to prove that the ITC Action was a sham, they must prove, first, that it was objectively baseless "in the sense that no reasonable litigant could realistically expect success on the merits" and, second, that Defendants brought it for an "improper, malicious purpose." *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus. Inc.,* 508 U.S. 49, 60, 62 (1993). Plaintiffs argue that the second element, and potentially the first, will "require an intact recollection of facts by [Defendants'] decision makers concerning the ITC [Action] that was brought already three years ago." Opp. at 9. Defendants respond that this speculative harm is unlikely because the same witnesses are currently preparing for and will be testifying in the Patent Action trial. Reply at 5.

The Court agrees with Defendants and finds that Plaintiffs have not sufficiently shown that

3

they would face hardship or inequity as a result of a stay. Accordingly, the first factor does not weigh against imposing a stay.

### B. Possible Hardship or Inequity From Denying Stay

The Court next considers the possible damage that could arise from going forward. *CMAX*, 300 F.2d at 268. Defendants argue that denial of the stay could harm them in two ways: first, by enabling Plaintiffs to circumvent the recent close of fact discovery in the Patent Action and, second, by possibly forcing them to choose between protecting privileges in the Patent Action and "defending this action by producing documents and evidence relating to its legal strategy in bringing the ITC Action." Memorandum in Support of Mot. at 10. Defendants additionally contend that denying the stay will burden the Court with numerous discovery disputes. *Id.*

Plaintiffs respond that a stipulation limiting cross-use of information between this case and the Patent Action should assuage any fears about circumvention of the close of discovery in the Patent Action. Opp. at 10. The Court agrees. With regard to Defendants' second claimed harm, Plaintiffs argue that it is speculative and not sufficiently strong to represent a hardship. Recognizing the potential difficulties for Defendants, the Court finds that the potential hardship from denying the stay weighs slightly in favor of granting it.

### C. Orderly Course of Justice

The Court finds the third interest—whether a stay will complicate or simplify the issues before it—to be most instructive in this case. Defendants argue that the Patent Action will prove dispositive for the first prong of the sham litigation inquiry—that is, whether or not the ITC Action was objectively baseless—because a victory by Defendants in the Patent Action "will conclusively demonstrate that [the] '456 patent infringement claims had merit and were not objectively baseless." Memorandum in Support of Mot. at 8. Conversely, a second defeat by Defendants will likely support a finding that the ITC Action lacked merit and was objectively baseless. In addition, Defendants assert that staying antitrust claims related to patent infringement until after resolution of the patent infringement issues is "now-standard practice." *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986).

Plaintiffs respond that every case that has granted such a stay is distinguishable because, in

those cases, the antitrust claims relate directly to the patent infringement claims before the same court. Plaintiffs argue that, in contrast, here, the ITC Action they challenge is over and the ongoing Patent Action involves products, rules, and standards of proof that differ from those in the ITC Action: The Patent Action accuses a broader array of Plaintiffs' products of infringement and asserts only induced infringement, not contributory infringement as in the ITC Action.

Given the differences between the two Actions, the Court cannot agree with Defendants that the Patent Action will "have controlling effect" on this case. However, the Court finds that resolution of the Patent Action is likely to "bear upon" this case. *See Leyva*, 593 F. 2d at 863-4. The Patent Action's finding regarding whether or not certain of Plaintiffs' products induced infringement of the '456 patent will inform the determination in this case of whether or not Defendants' claim in the ITC Action that those same products contributorily infringed the same patent were objectively baseless. Accordingly, the Court finds that the third factor weighs in favor of granting the stay.

## IV. ORDER

Based on the likely simplification of issues and unlikely harm to the parties from granting the stay, the slight potential for damage to Defendants from denying the stay, and the limited length of the stay, the Court GRANTS Defendants' Motion to Stay until June 17, 2016. The trial, final pretrial conference, and final hearing date for dispositive motions will remain set on the dates previously ordered by the Court. *See* ECF 69. The parties are ORDERED to file a stipulated proposed schedule for the remaining dates to trial on June 17, 2016. *See* ECF 75. In addition, the parties are ORDERED to provide the Court with a status statement regarding this case by no later than June 17, 2016.

Dated: December 15, 2015

_____
BETH LABSON FREEMAN
United States District Judge

5